

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. 0-4974
Re: Authority of the Texas Unemployment Compensation Commission to maintain a system of employment offices with funds appropriated by the 47th Legislature.

We received your letter dated November 2, 1942 with reference to the above subject. Said letter is self-explanatory and reads as follows:

"Under the terms of the Wagner-Peyser Act of June 6, 1933, as amended (29 U.S.C.S., Section 49) it was provided that the Federal Government would match the funds provided by each state for the purpose of maintaining public employment offices as a part of a state-controlled system of public employment offices, provided that the state plans for the operation of such employment offices should meet with the approval of the Social Security Board.

"The State of Texas accepted the provisions of the Wagner-Peyser Act in 1935 and established a state system of public employment offices (Art. 5221a-2, Vernon's Annotated Civil Statutes).

"In 1939 the Texas State Employment Service was transferred to and made a division of the Texas Unemployment Compensation Commission (Art. 5221b-10, Vernon's Annotated Civil Statutes).

"On December 19, 1941, the President of the United States sent a telegram to the governors of

the several states requesting that due to the ex-
igencies of the present emergency, each state trans-
fer to the United States Employment Service all of
the personnel, records, and facilities of the employ-
ment service operated by such state, copy of said
telegram being attached as exhibit "A".

"On December 23, 1941, the President issued
Executive Order No. 8990 authorizing the transfer
of personnel from a state employment security agency
to the Social Security Board of the Federal Security
agency effective at the close of business December 31,
1941, copy of said executive order being attached as
exhibit "B".

"In accordance with the above telegram and ex-
ecutive order, the several state and territorial
employment services were established as the United
States Employment Service, effective January 1,
1942. Inasmuch as funds for the Federal operation
of the United States Employment Services are fur-
nished by the Federal Government, the expenditure
of funds granted pursuant to the Wagner-Peyser Act
for the purpose of matching State and local funds,
was discontinued as of January 1, 1942.

"Senate Bill No. 423, Acts 1941, 47th Leg.,
p. 1284, ch. 571, making an appropriation for the
Texas Unemployment Compensation Commission, contains
the following provision with respect to an appropria-
tion of $150,000:

"'To be used to match Federal Funds allocated
to the State of Texas under the Wagner-Peyser Act,
for the payment of salaries and other necessary ex-
penses in connection with the operation and mainte-
nance of a State system of employment offices;
salaries to be paid according to the classifications
of the Social Security Board to employees selected
and rated under the personnel plan in effect between
the Social Security Board and the State Agency.'

"Your opinion is requested as to whether or
not the Texas Unemployment Compensation Commission
is empowered, under the language above quoted, and
Article 5221b-10, Vernon's Annotated Civil Statutes,
to operate a system of public employment offices as
provided for by Articles 5221a-2 and 5221b-10,

Vernon's Annotated Civil Statutes, and to use for
the operation thereof the aforesaid appropriation
provided by the 47th Legislature."

It appears that the creation of employment offices
was originated by the Congress of the United States in 1933
with the passage of the Wagner-Peyser Act, 29 U. S. C. A. 25.
We quote certain provisions of said Act as follows:

Section 49. "In order to promote the establish-
ment and maintenance of a national system of public
employment offices there is hereby created a bureau
to be known as the United States Employment Service."

Section 49b-(a). "It shall be the province
and duty of the bureau to promote and develop a
national system of employment offices for men,
women, and juniors who are legally qualified to
engage in gainful occupations, to maintain a vet-
erans' service to be devoted to securing employ-
ment for veterans, to maintain a farm placement
service, to maintain a public employment service for
the District of Columbia, and, in the manner provided
in sections 49c, 49d, 49e-49k of this title, to as-
sist in establishing and maintaining systems of pub-
lic employment offices in the several States and the
political subdivisions thereof in which there shall
be located a veterans' employment service. The
bureau shall also assist in coordinating the pub-
lic employment offices throughout the country and
in increasing their usefulness by developing and
prescribing minimum standards of efficiency, assist-
ing them in meeting problems peculiar to their
localities, promoting uniformity in their adminis-
trative and statistical procedure, furnishing and
publishing information as to opportunities for em-
ployment and other information of value in the op-
eration of the system, and maintaining a system for
clearing labor between the several States."

Section 49c. "In order to obtain the benefits
of appropriations apportioned under section 49d of
this title, a State shall, through its legislature,

accept the provisions of sections 49-49c, 49d, 49e-49k of this title and designate or authorize the creation of a State agency vested with all powers necessary to cooperate with the United States Employment Service under sections 49-49c, 49d, 49e-49k of this title." (Emphasis ours.)

Section 49d. "(a) For the purpose of carrying out the provisions of sections 49-49c, 49d, 49e-49k of this title there is hereby authorized to be appropriated after the fiscal year ending June 30, 1938 such sums annually as the Congress may deem necessary. The annual appropriation under sections 49-49c, 49d, 49e-49k of this title shall designate the amount to be apportioned by the Social Security Board among the several States in the proportion which their population bears to the total population of the States of the United States according to the next preceding United States census, to be available for the purpose of establishing and maintaining systems of public employment offices in the several States and the political subdivisions thereof in accordance with the provisions of sections 49-49c, 49d, 49e-49k of this title . . . ."

In 1935 the Legislature of this State enacted into law H. B. No. 407 creating a State system of public employment offices. 44th Leg., Reg. Session, p. 552. Before setting out the pertinent provisions of said H. B. No. 407, we refer to the emergency clause thereof, same being Section 8, which explains the purpose of its passage. Said emergency clause reads as follows:

"The fact that under the present laws the State of Texas is not permitted to avail itself of the benefits of the Wagner-Peyser Act approved June 6, 1933 (48 Stat. 113, U. S. Code, Title 29, Section 49) and the further fact that the State of Texas will lose all the benefits of said Act on June 30, 1935, unless in the meantime the Legislature of this State shall have enacted a law accepting the provisions of said Act, and the further fact that unemployment of Texas citizens is the most distressing problem confronting this State at this time, . . . ."

We quote the first three Sections of H. B. 407, supra, (codified as Article 5221a-2 V. A. C. S.) as follows:

"Section 1. The State of Texas accepts the provisions of the Wagner-Peyser Act approved June 6, 1933 (48 Stat. 113, U. S. Code Title 29, Section 49) 'an act to provide for the establishment of a national employment system and for cooperation with the states in the promotion of such system, and for other purposes,' in conformity with Section 4 thereof, and will observe and comply with the requirements of said Act.

"Sec. 2. The Bureau of Labor Statistics is hereby designated and constituted the agency of the State of Texas for the purposes of such Act. Said Bureau, its officers and employees, are hereby given full power to cooperate with all authorities of the United States having powers or duties under such Act and to do and perform all things necessary to secure to the State of Texas the provisions of such Act in the promotion and maintenance of a system of public employment offices.

"Sec. 3. There is hereby created within the Bureau of Labor Statistics a division to be known as the Texas State Employment Service, responsible for administering a system of public employment offices for the purpose of assisting employers to secure employees, and workers to secure employment. The Commissioner of Labor Statistics is authorized and directed to establish such offices in such parts of the State as he deems necessary and to prescribe rules and regulations not inconsistent with any of the provisions of this Act."

Subsequently, the Legislature enacted further legislation concerning the Texas State Employment Service (employment offices). Such legislation, codified in V. A. C. S. as Article 5221b-10, now reads as follows:

"(a) Texas State Employment Service, as provided for under Act of the Forty-fourth Legislature, Regular Session, Chapter 236, page 552, is hereby transferred to the Commission as a division thereof. The

Commission, through such division, shall establish and maintain free public employment offices in such number and in such places as may be necessary for the proper administration of this Act, and for purposes of performing such duties, as are within the purview of the Act of Congress entitled 'An Act to provide for the establishment of a national employment system and for cooperation with the States in the promotion of such system and for other purposes,' approved June 6, 1933, (48 Stat. 113; U.S.C., Title 29, Section 49 (c) ) as amended. It shall be the duty of the Commission to cooperate with any official or agency of the United States having powers or duties under the provisions of the said Act of Congress, as amended, and to do and perform all things necessary to secure to this State the benefits of the said Act of Congress, as amended, in the promotion and maintenance of a system of public employment offices. The provisions of the said Act of Congress, as amended, are hereby accepted by this State in conformity with Section 4 of said Act, and this State will observe and comply with the requirements thereof. The Texas Unemployment Compensation Commission is hereby designated and constituted the agency of this State for the purposes of said Act. The Director, other officers and employees of the Texas State Employment Service shall be appointed by the Commission in accordance with regulations prescribed by the Director of the United States Employment Service.

"(b)  Financing:  All monies received by this State under the said Act of Congress, as amended, shall be paid into the special 'Employment Service Account' in the Unemployment Compensation Administration Fund, and said monies are hereby made available to the Texas Unemployment Compensation Commission to be expended as provided by this Section and by said Act of Congress, and any unexpended balance of funds appropriated or allocated either by the State of Texas or the Federal Government to the Texas State Employment Service as a division of the Bureau of Labor Statistics, is hereby, upon the passage of this Act, transferred to the special 'Employment Service Account' in the Unemployment Compensation Administration Fund. For the purpose of establishing and maintaining free public employment offices, the Commission is authorized to enter

into agreements with any political subdivision of
this State or with any private, and/or non-profit
organization, and as a part of any such agreement
the Commission may accept monies, services, or quar-
ters as a contribution to the special 'Employment
Service Account.'"

In the departmental appropriation bill, the 47th Leg-
islature appropriated $150,000 for the year ending August 31,
1942 and a like amount for the year ending August 31, 1943 to
the Texas Unemployment Compensation Commission for the purpose
of maintaining the Texas State Employment Service (employment
offices), Acts 47th Leg., Reg. Session, S. B. 423, p. 1284.
This money was appropriated by the 47th Legislature "To be
used to match Federal Funds allocated to the State of Texas
under the Wagner-Peyser Act, . . . ." (fully set out in your
letter, supra).

Shortly before January 1, 1942, the President of
the United States issued a proclamation which had the effect
of federalizing the Texas State Employment Service. It appears
that on January 1, 1942, the effective date of the proclamation,
all of the employment offices of the Texas State Employment
Service were converted into Federal Agencies, wholly maintained
and operated by the Federal Government. At the same time, it
appears that the Federal Government ceased granting funds to
the State of Texas as provided by the Wagner-Peyser Act and
as contemplated by the State laws creating the Texas State
Employment Service and the departmental appropriation bill.

As we understand your question, you wish to know if
the Texas Unemployment Compensation Commission can use the
monies appropriated by the 47th Legislature to wholly finance
and maintain a system of employment offices (said funds not
being matched by the Federal Government under the Wagner-
Peyser Act) separate and apart from the employment offices
now maintained and operated by the Federal Government.

As is readily seen, the Federal Government originated
the movement to create employment offices and to maintain this
type of employment service. Wagner-Peyser Act, supra. In all
the laws enacted by our Legislature, it is apparent that the
Legislature relied on the Federal Government to match the
funds appropriated by the State for the operation of the Texas
State Employment Service. We find nothing whatsoever in any of
our State laws on this subject which evidences a legislative
intention to operate the Texas State Employment Service on
State funds alone.

Honorable Claude A. Williams, Page 8.


   Since the Legislature appropriated the funds in question "To be used to match Federal Funds allocated to the State of Texas under the Wagner-Peyser Act, . . . .," it follows that the funds can be used in no other manner. You are therefore advised that the appropriation made by the 47th Legislature to the Texas Unemployment Compensation Commission for the purpose of operating a system of employment offices became inoperative on January 1, 1942 and will so remain until such time, within the life of the appropriation, as the Federal Government chooses to match the State funds as provided by law. Your question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lee Shoptaw*

Lee Shoptaw
Assistant

LS:JP




APPROVED JAN 9, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE